**VAN WERT NATIONAL BANK v ROOS et**

Ohio Appeals, 3rd Dist, Van Wert Co

No 150.   Decided March 1, 1938

S. S. Beard, Van Wert, for plaintiff.
Hoke & Wright, Van Wert, for defendants.

**OPINION**

By GUERNSEY, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Van Wert County, Ohio. In that court the plaintiff the Van Wert National Bank, a corporation, filed a general demurrer to the first and second defenses set forth in the answer of the defendant The Sun Indemnity Company, a corporation, to the second amended petition of plaintiff. This demurrer was overruled and the demurrant not desiring to plead further final judgment was entered in favor of the defendant The Sun Indemnity Company on the overruling of such demurrer, and it is this judgment from which this appeal is taken.

To the third defense of the defendant the Sun Indemnity Company set forth in said answer, the plaintiff filed a reply in the nature of a general denial, so there is no

question before this court at this time involving such defense.

The second amended petition of the plaintiff, omitting the caption and formal parts, and also the copy of bond and list of claims for labor performed and material furnished to the contractor and alleged in the petition to have been assigned to the plaintiff by the various persons entitled thereto, for a valuable consideration, and attached as exhibits to the petition, is in the words and figures following, to-wit:

"The plaintiff says that it is a corporation duly organized and existing under the laws of the United States with its office and principal place of business in the City of Van Wert, County of Van Wert, and State of Ohio.

"That the defendant, The Sun Indemnity Company is a corporation duly organized and existing under the laws of the State of New York and having its office and principal place of business in the City of New York and in the State of New York.

"Plaintiff further says that on or about the 28th day of December, 1928, Straus Brothers Company filed a petition with the county auditor of Van Wert County, Ohio, for the improvement of a natural water course commonly known as Blue Creek; that said Blue Creek has its source in Harrison Township, Van Wert County, Ohio, and extends from its source in Harrison Township through and across Tully Township of Van Wert County, Ohio, and through and across Benton, Blue Creek, Latty and Jackson Townships and into Brown Township of Paulding County, Ohio, where it empties into the Auglaize River; and being approximately thirty-five miles in length; that at the time of filing said petition and for many more than seven years prior thereto, the said Blue Creek was a natural and public water course and that the lands and public highways and streets and alleys along said public water course drain into said Blue Creek; that on the 26th day of February, 1929, the joint board of county commissioners of Van Wert County, and Paulding County, Ohio, held a public hearing on said petition and said joint board of county commissioners found that said improvement was necessary and that it was conducive to the public welfare and that the cost thereof would not exceed the benefits thereof; that on the 2nd day of December, 1929, a final hearing was had on said petition and the former order made by said joint board of county commissioners finding that said improvement was necess-

ary, and would be conducive to the public welfare, was affirmed, and at said final hearing, made an assessment against Van Wert County in the sum of $112.02 and against Paulding County in the sum of $85.08, for the purpose of paying a part of the cost of said improvement.

"That prior to the 31st day of December, 1929, the joint board of county commissioners of Paulding County and Van Wert County, Ohio, in accordance with proceedings of said joint board of county commissioners duly and legally had, advertised for bids for the improvement of Blue Creek joint county ditch, petitioned for by Straus Brothers Company et al., being joint county ditch improvement No. 1110 and that pursuant to said advertisement the said defendant, John G. Roos doing business under the name of The Excavation & Construction Company submitted a proposal in writing by the terms of which said proposal he agreed among other things to furnish a bond for the performance of said contract as required by law.

"That on or about the 31st day of December, 1929, the joint board of county commissioners awarded said contract to the defendant, John G. Roos doing business under the name of the Excavation & Construction Company, and that on the 31st day of December, 1929, the defendant John G. Roos, doing business under the name of The Excavation & Construction Company, as principal and the defendant, The Sun Indemnity Company as surety executed their joint and several bond in the principal sum of eighteen thousand three hundred thirty-five dollars ($18,335.00), a copy of which is attached thereto and marked 'Exhibit A.

"Plaintiff further says that pursuant to the statute of the State of Ohio, in such cases made and provided, it was the legal duty of the defendant, John G. Roos, doing business under the name of The Excavation & Construction Company to execute and deliver a bond with sufficient sureties thereon, with an obligation on the part of said contractor to pay for all labor performed and materials furnished in the construction and improvement of said ditch, which provision under the terms of said statute should read substantially as follows:

" 'Now if the said, The Excavation & Construction Company shall well and faithfully do and perform the things agreed by it to be done and performed according to the terms of said contract; and shall pay all lawful claims of sub-contractors, materialmen and laborers, for labor performed

and materials furnished in the carrying forward, performing or completing of said contract; we agreeing and assenting that this undertaking shall be for the benefit of any materialman or laborer having a just claim, as well as for the obligee herein; then this obligation shall be void; otherwise the same shall remain in full force and effect; it being expressly understood and agreed that the liability of the surety for any and all claims hereunder shall in no event exceed the penal amount of this obligation as herein stated.'

"Plaintiff further says that notwithstanding the fact that the bond executed and delivered herein did not contain such a provision as required by law, that said provision by operation of law becomes a part of the obligation of the defendant, the Sun Indemnity Company, by reason of the execution and delivery of said bond as surety thereon.

"That thereafter, the defendant John G. Roos doing business under the name of the Excavation & Construction Company entered upon the performance of his said contract and employed certain laborers and purchased certain material of the agreed value as set forth in the itemized statement hereto attached marked 'Exhibit B', and made a part hereof. That said labor was performed and said materials were furnished in the carrying forward, performing and completing of said contract. That thereafter the parties furnishing said labor and material as set forth in the itemized statement hereto attached, transferred and assigned all of their right, title and interest in said claims to this plaintiff for a valuable consideration, and that this plaintiff is now the holder and owner of the aforesaid claim for labor and material so furnished the defendant, John G. Roos, doing business under the name of The Excavation & Construction Company, while engaged in the carrying out of the aforesaid contract.

"That thereafter the said defendant, John G. Roos completed said contract and that said improvement was accepted by the county surveyor in charge of said improvement on or about the 15th day of April, 1931.

"The plaintiff further says that pursuant to the statute in such cases made and provided, and within ninety days after the acceptance of said improvement the plaintiff furnished to the defendant, the Sun Indemnity Company, a statement of the amount due this plaintiff on its said account against the said John G. Roos, doing business under the name of The Excavation & Construction Company, for materials and labor delivered and performed as aforesaid, and that said defendant, the Sun Indemnity Company refused to pay the amount due this plaintiff on said account or any part thereof.

"Plaintiff further says that there is due this plaintiff from the defendant, John G. Roos doing business under the name of The Excavation & Construction Company, and from the defendant, The Sun Indemnity Company as surety on the aforesaid bond, the sum of three thousand nine hundred forty-four dollars and twenty cents ($3,-944.20) with interest thereon at the rate of 6% per annum from the 15th day of April, 1931, for labor and material furnished for the construction of the aforesaid ditch improvement.

"Wherefore, plaintiff prays that the plaintiff may have judgment against the defendant, John G. Roos, doing business under the name of The Excavation & Construction Company, and The Sun Indemnity Co. as surety on the said bond in the sum of three thousand nine hundred forty-four dollars and twenty cents ($3944.20) with interest thereon at the rate of 6% per annum from the 15th day of April, 1931, and for such other and further relief as it may be entitled to in the premises."

The separate answer of the defendant The Sun Indemnity Company to such petition omitting the formal parts is in the words and figures following, to-wit:

"1st Defense. Now comes the defendant, The Sun Indemnity Company, and for its separate answer to the second amended petition herein filed admits that plaintiff and this defendant are corporations.

"Admits further that on the petition of Straus Bros., et al, and pursuant to the county ditch laws of Ohio and the proceedings had thereunder, the joint board of county commissioners of Paulding and Van Wert Counties, Ohio, did on or about the 31st day of December, 1929, award to the defendant, John G. Roos, a contract for the improvement of a joint county ditch extending in and through said counties, and known more particularly as the Blue Creek ditch, for the contract price of $18,335.00. Admits $102.02 of the cost of said improvement was assessed against Van Wert County and $85.08 of the cost of said improvement assessed against Paulding County.

"Admits further that pursuant to the statute, namely §6488 GC of the county

ditch laws of Ohio, this defendant. The Sun Indemnity Company, as surety executed a bond on behalf of said contractor, John G. Roos which said bond was conditioned and in the form required by the aforesaid statute, §6488 GC.

"Admits further that said contract was completed by said contractor John G. Roos, to the satisfaction of the joint board of commissioners of Van Wert and Paulding Counties, and accepted by them in their official capacity as such.

"Further answering this defendant denies that it was the duty of the defendant, John G. Roos, to furnish, or the duty of this defendant, The Sun Indemnity Company, to execute, a bond conditioned other than as required by the aforesaid section of the county ditch laws of Ohio, §6488 GC denies that said bond was required to contain an obligation for the payment of labor and material claims as alleged by plaintiff, and denies that any conditions or obligations other than those set forth in said bond as required by §6488, GC became a part of said bond, or the obligation of this defendant, by the operation of law or otherwise.

"Defendant denies that the contract for the improvement of said county ditch constituted a public improvement, or that said work was done at the expense of the aforesaid counties or either of them, and on the contrary avers that about 99% of the cost of same was assessed against the private land owners benefitted thereby.

"Defendant denies further that it was or became liable on said bond for any labor or material furnished to said contractor, or that such liability or obligation was contemplated or undertaken by said bond, or under the statute pursuant to which said bond was given. Denies that the alleged laborers or materialmen referred to in the second amended petition or the exhibit attached thereto had or obtained any lien or claim against said bond, and therefore denies that plaintiff acquired any lien or claim against said bond by virtue of said assignment which is expressly denied, or otherwise.

"Second Defense: Defendant further avers that after the execution of said bond and after the commencement of the work under said contract the contractor, John G. Roos, at the special instance and request of plaintiff, assigned to plaintiff all of the proceeds and payments of said contract; that the plaintiff thereby assumed the position of and became the surety of the contractor on said contract; that the aforesaid assignment without the knowledge and consent of this defendant constituted a material alteration of said bond and that the surety was thereby discharged; that the plaintiff under said assignment undertook to collect the proceeds of said contract and to disburse the same and that if the plaintiff paid out more than was collected by it under said contract, the plaintiff did so as a mere volunteer.

"Third Defense: Defendant further says that in an action heretofore brought to distribute the balance due under said contract, namely case No. 16990 on the dockets of this court, entitled 'Clarence C. Judkins, etc., plaintiff v John G. Roos, et al, defendants', the plaintiff in its cross-petition in said action on the aforesaid assignment recovered the sum of approximately $2800 which sum defendant avers was more than sufficient to off-set any balance disbursed or paid out by plaintiff over and above the amount collected by plaintiff from the joint board of county commissioners under said contract.

"And answering further, defendant denies, each, all and singular, the allegations and averments contained in said second amended petition not hereinbefore expressly admitted, qualified or denied.

"Wherefore, having fully answered, defendant prays to go hence without day."

The demurrer to the first defense in said answer raises the question as to whether a joint county ditch constructed pursuant to the provisions of §§6442, et seq. and 6536 et seq. GC, being a ditch of the character described in the petition, constitutes a public work or improvement at the expense of a county, coming within the provisions of §§2365-1 to 2365-4; GC, both inclusive, said sections reading as follows:—

"Sec 2365-1 GC. Bond and additional obligation of contractor to pay subcontractors and materialmen.—That when public buildings or other public works or improvements are about to be constructed, erected, altered or repaired under contract, at the expense of the state, or any county, city, village, township or school district thereof, it shall be the duty of the board, officer or agent, contracting on behalf of the state, county, city, village, township, or school district, to require the usual bond as provided for in the statute with good and sufficient sureties, with an additional obligation for the payment by the contractor, and by all sub-contractors for all labor performed or materials furnished in the

construction, erection, alteration or repair of such building, works or improvement."

"Sec 2365-2 GC. Approval of bond; conditions—Such bond shall be executed by such contractor with such sureties as shall be approved by the board, officer or agent acting on behalf of the state, county, city, village, township or school district aforesaid, in an amount equal to at least fifty per cent. (50%) of the contract price, and conditioned for the payment by the contractor and by all sub-contractors, of all indebtedness which may accrue to any person, firm or corporation, on account of any labor performed or materials furnished in the construction, erection, alteration or repair of such building, works or improvements. Such bond shall be deposited with, and held by, such board, officer or agent for the use of any party interested therein."

"Sec 2365-3 GC. Creditor shall furnish statement of amount due to sureties; when and how suit shall be brought.—Any person, firm or corporation to whom any money shall be due on account of having performed any labor, or furnished any material in the construction, erection, alteration or repair of any such building, work or improvement, at any time after performing such labor or furnishing such material, but not later than ninety days after the acceptance of such building, work or improvement by the duly authorized board or officer, shall furnish the sureties on said bond, a statement of the amount due to any such person, firm or corporation. No suit shall be brought against said sureties on said bond until after sixty days after the furnishing of said statement. If the indebtedness shall not be paid in full at the expiration of said sixty days, said person, firm or corporation may bring an action in his own name upon such bond, as provided in §§11242 and 11243 GC, said action to be commenced not later than one year from the date of acceptance of said building, work or improvement."

"Sec 2365-4 GC. Form of bond—The bond hereinbefore provided for shall be in substantially the following form, and recovery of any claimant thereunder shall be subject to the conditions and provisions of this act to the same extent as if such conditions and provisions were fully incorporated in said bond form.

"KNOW ALL MEN BY THESE PRESENTS, that we, the undersigned * * * as principal and * * * as sureties, are hereby held and firmly bound unto * * * in the principal sum of * * * dollars, for the payment of which well and truly to be made, we hereby jointly and severally bind ourselves, our heirs, executors, administrators, successors and assigns.

"Signed this ......day of ......19.....

"THE CONDITIONS OF THE ABOVE OBLIBATION IS SUCH, that whereas the above named principal did on the ... day of ......19... enter into a contract with * * * which said contract is made a part of this bond the same as though set forth herein;

"NOW, if the said * * * shall well and faithfully do and perform the things agreed by * * * to be done and performed according to the terms of said contract; and shall pay all the lawful claims of sub-contractors, materialmen and laborers for labor performed and materials furnished in the carrying forward, performing or completing of said contract; we agreeing and assenting that this undertaking shall be for the benefit of any materialman or laborer having a just claim, as well as for the obligee herein; then this obligation shall be void; otherwise the same shall remain in full force and effect; it being expressly understood and agreed that the liability of the surety for any and all claims hereunder shall in no event exceed the penal amount of this obligation as herein stated.

"The said surety hereby stipulates and agrees that no modifications, omissions, or additions, in or to the terms of said contract or in or to the plans and specifications therefor shall in any wise affect the obligation of said surety on its bond."

It was held in the case of State ex Maher, Prosecuting Attorney v Baker, 88 Oh St page 165, that moneys paid into the county treasury by virtue of proceedings for the location and construction of a county ditch in conformity with §4447 et seq., Revised Statutes, and §6443 et seq. GC, are public moneys within the meaning of §1277 Revised Statutes and §2921, GC.

By the terms of §6536 et seq. GC, the provisions of §6442 et seq. GC applicable to single county ditches are made applicable to joint county ditches so that by force of this decision moneys paid into the county treasury by virtue of proceedings for the location and construction of joint county ditches are public moneys. The moneys being public moneys a joint county ditch must necessarily be a public work or improvement.

As stated in the opinion in the Baker

case, supra, at page 178, "a county ditch is certainly a public matter. §6443 et seq GC; §4447, et seq., Revised Statutes, all recognize it as a public matter. It is petitioned for by the public. The petition itself recites that the improvement is for the 'public health, convenience and welfare,' and the commissioners must so find upon their journal before the ditch may be constructed. The petition is addressed to the board of county commissioners. The legislation from one step to another is conducted by the board of county commissioners, the viewers appointed by them, and the county surveyor. The assessments are made by public officers and collected by public officers. The contract is let and supervised by the public officers." Adopting this reasoning it is clear that the construction of such joint county ditch is an exercise of the sovereign power of the state by and through public officials who are parties to the contract of improvement. Otherwise there could not be jurisdiction in the board of county commissioners to construct such improvement. The improvement is therefore a public improvement within the meaning of said §2365 et seq. GC.

While the decision in the case of **Gilmore et v Board of County Commissioners of Hocking County, 17 Oh Ap page 177,** is directly contrary to this holding, it, as well as the decisions in the cases of **Board of County Commissioners of Portage County v Gates, 83 Oh St 19 and County Commissioners v Krauss, 53 Oh St 631,** upon which it is based are based on provisions of the single and joint county ditch statutes differing from those in effect at the time the improvement in the case at bar was made, and applied to cases in which the whole of the cost of the improvement was assessed against property owners, differing from the case at bar in which portions of the cost of the improvement were assessed against the counties participating therein. While the Gates and Krauss cases, supra, are not referred to in the decision in the case of **State ex Maher v Baker, 88 Oh St 179,** the effect of that decision was to overrule the holdings in those cases. The Baker case, supra, is not mentioned or considered in the case of Gilmore et v Board of County Commissioners of Hocking County, supra. For the reasons mentioned we do not feel constrained to follow the holding in the latter case.

It was alleged in the petition that a portion of the expense of such joint county ditch improvement was assessed against each of the counties of Van Wert and Paulding. While the amounts assessed are small in comparison to the amounts assessed against property owners, a portion of the cost of the improvement was at the expense of each county and a portion of the cost, no matter how small being so assessed the joint county ditch constituted a public work or improvement at the expense of the county coming within the purview of §2365-1 et seq. GC.

As the joint county ditch described in the petition is a public work or improvement constructed at the expense of a county coming within the purview of §2365-1 et seq., GC, the bond given by the contractor for the faithful performance of the contract is therefore governed by the provisions of §§2365-1 to 2365-4, GC, inclusive and even though it does not in all of its terms comply with the statute, it is controlled by and subject to the provisions of the state with regard to recovery for all labor performed or materials furnished in the construction of such public improvement, and when parties execute such a bond they are chargeable with notice of the provisions of the statute and materialmen and subcontractors may avail themselves of the security of the bond although they are not expressly named therein. **Southern Surety Co. v Chambers et, 115 Oh St 434; The American Guaranty Company v The Cliff Wood, Coal & Supply Co., et, 115 Oh St 524; and Southern Surety Company v Standard Slag Company, 117 Oh St 512.**

There are no statutory provisions against the assignment by laborers and materialmen of their claims for labor performed or materials furnished in the construction of such public improvement, and there being no such provision the assignee of such claims is entitled to enforce the same both as against the contractor and the surety on the bond of the contractor.

The facts pleaded in the first defense of the answer of the Sun Indemnity Company did not in law constitute a defense to the cause of action set forth in the second amendmed petition and the demurrer to such defense was erroneously overruled.

The demurrer to the second defense in such answer raises the question as to whether plaintiff, by reason of the fact that after the execution of said bond and after the commencement of the work under said

contract, the contractor John G. Roos at its special instance and request assigned to it all of the proceeds and payments under said contract and it under said assignment undertook to collect the proceeds of said contract and disburse the same, is precluded from recovering the amounts of the claims assigned to it by laborers and materialmen who had furnished labor or material for the construction of said improvement, from The Sun Indemnity Company surety on the bond of said John G. Roos the contractor.

Under the allegations of the answer the assignment by Roos to plaintiff comprehended and was limited to all of the proceeds and payments under said contract. The contract itself was not assigned and it is not alleged that the plaintiff undertook the performance of the contract, or that the plaintiff was in any way substituted for the said Roos in the performance thereof.

While the Sun Indemnity Company pleads in its answer the legal conclusion that by reason of said assignment plaintiff thereby assumed the position of and became the surety of the contractor on said contract, such legal conclusion is without foundation and the acceptance by the plaintiff of the assignment of the character mentioned did not cause him to assume the position of a surety of the contractor on said contract.

The defendant Sun Indemnity Company further pleads a legal conclusion that the aforesaid assignment without its knowledge and consent, constituted a material alteration of said bond and the surety was thereby discharged. This legal conclusion is also without foundation.

Contracts can be altered only by the consent express or implied of the parties thereto. It is not alleged in the pleadings that the boards of county commissioners parties to the contract were parties to said assignment or consented thereto and it appears from the allegations that the plaintiff was not a party to the contract. The plaintiff not being a party to the contract could not by its act alter either the contract or the bond securing the performance thereof. The plaintiff not having power to alter the contract and the boards of county commissioners not consenting to such assignment there was no alteration of the contract and the surety was not discharged.

The third contention of the defendant Sun Indemnity Company set forth in this defense is that the plaintiff under said assignment undertook to collect the proceeds of such contract and disburse the same and that if the plaintiff paid out more than was collected by it under said contract the plaintiff did so as a mere volunteer.

While the petition alleges the letting of the contract and the execution and delivery of the bond by the contractor and the indemnity company in the principal sum of $18,335.00, and the performance of said contract by the defendant Roos and acceptance thereof by the county surveyor in charge of said improvement, and the answer alleges the contract price and assignment by Roos to the plaintiff of all the proceeds and payments under said contract, it is nowhere alleged either in the petition or in the first two defenses of the answer that the plaintiff received any sums or amounts of the proceeds or payments under said contract.

The third defense in said answer is placed in issue by the reply of the plaintiff thereto and the allegations thereof are not available in determining the question raised by the demurrer.

It is not alleged, either in the petition or in the answer, that the proceeds of said contract were to be disbursed by the plaintiff to laborers and materialmen who performed labor or furnished material for the performance of the work under said contract, or for what purpose or to whom the proceeds of said contract were to be disbursed by the plaintiff under said assignment, and insofar as the allegations of the pleadings are concerned the bank under the assignment may have undertaken to collect the proceeds of said contract and disburse the same for purposes and to persons not connected with the furnishing of labor and material for the work under said contract.

There being no allegation charging the collection by plaintiff of any of the proceeds of said contract, and no allegations that such proceeds were to be disbursed to persons furnishing labor and material for the construction of the improvement under the contract, there is no breach of duty alleged which precludes the plaintiff from recovering the amount of the claims assigned to it by laborers and materialmen, from the defendant Sun Indemnity Company, and the legal conclusion pleaded by the defendant Sun Indemnity Company that if the defendant paid out more than was collected by it under said contract the

plaintiff did so as a mere volunteer is without foundation.

The facts pleaded in the second defense of the answer of the defendant Sun Indemnity Company did not, therefore, constitute a defense to the cause of action pleaded by plaintiff in its petition, and the demurrer to this cause of action was erroneously overruled.

For the reasons mentioned the judgment of the Common Pleas Court will be reversed and the cause remanded with instructions to sustain the demurrers to the first and second defenses in said answer, and for further proceedings according to law.

However, the judges of this Court of Appeals hereby find that the judgment upon which they have agreed in the above entitled cause is in conflict with a judgment pronounced upon the same question by another Court of Appeals of the state, namely the Court of Appeals of the Eighth District, in the case of **The United States Fidelity & Guaranty Company v The Allied Products Company,** in the Court of Appeals of Cuyahoga County, Ohio, decided May 15, 1933, reported in **45 Oh Ap Reports, page 270 (14 Abs 410).**

Wherefore the record in the above entitled cause of the Van Wert National Bank, a corporation, plantiff v John G. Roos and the Sun Indemnity Company, a corporation, defendants, is hereby certified to the Supreme Court of Ohio for review and final determination.

KLINGER, J, concurs.
CROW, J, dissenting from the judgment of reversal.

### DISSENTING OPINION

By CROW, J.

I concur in the reasoning of the foregoing opinion to the effect that the bond furnished by defendant Sun Indemnity Company to the contractor assures payment for the labor and material, but it is my opinion that the judgment should be affirmed because the demurrer went back through the second amended petition containing allegations which in connection with certain of those in the first and second (the third defense being out of view) defenses set forth these facts:

The contractor himself performed his part of the contract for the construction of the ditch improvement; he assigned to plaintiff only "the proceeds and payments under said contract", "plaintiff under said

assignment undertook to collect the proceeds of said contract and to disburse the same", which means that plaintiff took upon itself those steps; and the amount so assigned and therefore presumably received, and to be thus treated, by plaintiff was $18,335.00.

There is nowhere any allegation that plaintiff had any interest of any nature whatsoever in said proceeds and payments excepting as acquired by it on account of the claims for material and labor which aggregate only $3944.00, or that it is entitled to any other credit against the $18335.

In that situation plaintiff must be deemed to have the difference between the contract price and said aggregate amount, namely $14,391.

How the case might stand if facts were pleaded to show that plaintiff had any claims against the contractor which were compensated or compensable from the $18,-335. received by it, space need not be taken to discuss.

It must be kept constantly in mind that plaintiff's cause of action rests wholly on two contracts, one for the construction of the ditch improvement and the other for assurance of payments on account of such construction.