Judge Hitchcock
delivered the opinion of the court:
This case was argued at great length and with much ability, and submitted to the court at the last term. The question of *fraud seemed to have been abandoned, as well it might be, there being no proof to sustain the allegation.
As presented to the court, it was a ease of two creditors contending for the priority of lien, and this priority must depend upon the construction of the statutes relative to the subject. The mortgage under which the defendant, Bell, as administrator of Zaccheus A. Beatty, claims, was executed, acknowledged, and left with the recorder of the county, previous to the first day of term of the court at which the complainant recovered his judgment, but was not actually copied into the record book until after the rendition of that judgment. If, then, by a. fair construction of the statute, a mortgage takes effect from the time it is left with the recorder, the defendant has the preferable lien, but if, on the other hand, it only takes effect from the time it is copied into the book of record, then the mortgage in this case must be postponed to the complainant’s judgment. By section 4 of the act prescribing the duties of county recorders, 29 Ohio L., they are required to record “all deeds, mortgages, and other instruments of writing, required by law to be recorded,” in regular succession,
*403 according to the priority of their presentation ; “ and if a mortgage, the precise time of the day on which the same was presented, shall also be recorded.” By section 8, the recorder is subjected to an indictment for certain acts of commission and ■omission therein specified, one of which is the omission to record, u without good excuse,” any deed, or other instrument of writing, within twenty days after the same is received for record. In section 1 of the act to provide for the recording of deeds, etc., 29 Ohio L. 346, it is enacted, “ that all mortgages, executed agreeably to the provisions of this act, shall be recorded in the office of the ■recorder of the county in which such mortgaged premises are situated, and shall take effect from the time when recorded; and if two or more mortgages are presented for record on the same day, they shall take effect from the order of presentation for record; the first presented shall be first recorded, and the first recorded shall have preference.” It will be seen that there is no little obscurity in these several provisions taking them all in connection, At least it so seemed to the court at the last term, and we could not agree as to the proper construction. In consequence of this difference of opinion, the case was continued. The difficulty is, however, now removed. On March 16, 1838, the legislature passed an act upon this subject, in which, after reciting that doubts had ^arisen “whether deeds of mortgage take effect from the time the same are delivered to the recorder of the proper county for record, or from the time the same are actually copied into the record book, and that it is proper such doubts should be removed,” they declare and enact “ that mortgages do, and shall take effect and have preference from the time the same are delivered to the recorder of the proper county, to be by him entered on record.” 36 Ohio L. 62. This declaratory law, we suppose, is decisive of the rights of these parties, and the claim of the ■complainant can not be sustained. The bill might with propriety be dismissed, each party to pay his own cost. But as all the parties in interest are before the court, and as the complainant has a lien upon the land subject to the mortgage, we think it right that the property should be sold, and that from the avails the mortgage debt should be first paid, next the costs of this suit, next the judgment of the complainant, and if there be any surplus, that the same brought into court, and shall decree accordingly.