Bartlev, J.
The main question presented in this cause is whether a defectively executed instrument, which maybe operative as an equitable mortgage, can be set up in chancery to defeat a subsequent judgment .lien. It is to be regretted that the adjudications bearing upon this question in Ohio have not been more uniform and satisfactory.
It is a principle of familiar application in equity jurisprudence, that a specific equitable interest in real estate, whether it be created by an executory agreement for the sale and conveyance of land, or by a deed so defectively executed as not to pass the legal estate, but treated in equity as a contract to convey, or even a vendor’s lien, is upheld by courts of equity, and uniformly take priority, not only over judgment liens, and assignments in bankruptcy, but also assignments for the benefit of creditors generally. This doctrine *97 was recognized as early as the case of Manly v. Hunt et al. 1 Ohio, 257, and has been affirmed by a series of adjudications in this state ever since. Norton v. Beaver, 5 Ohio, 181; Barr v. Hatch et al., 3 Ohio, 538; Minns v. Morse et al., 18 Ohio, 568. The same principle is well established in other states: Ellis v. Townsley, 1 Paige, 280 ; Gouveneur v. Titus, 6 Paige, 347; Hoagland v. Latourette, et al., 1 Greene (N. J.) Oh. 254; Eppes v. Randolph, 2 Call, 103, 154; Everett v. Stone et al., 3 Story, 447 ; Lodge v. Tysely, 4 Sim. 70 ; 2 Story’s Eq. sec. 1503. The principle has always prevailed in England: Finch v. Winehelsea, 1 Peere Williams, 277 (case 66); Prior et al. v. Penpraze, 4 Price Exch. 99 ; S. C. 2 Cond. Eng. Exch. 46 ; Legard v. Hodges, 1 Vesey, jr. 477.
The question whether an equitable mortgage should be placed on any different ground in Ohio has been much controverted.
*In the case of the Bank of Muskingum v. Carpenter’s Administrators et al., 7 Ohio, pt. 1, 21, tho late supreme court in bank, having before it the direct question whether an equitable mortgage or a subsequent judgment lien should have the preference, held, that inasmuch as a mortgage created a specific lien, and the judgment lien could entitle the judgment creditor to no other than the rights of the debtor, or place him in any better condition than to take the place of the debtor himself, the equitable mortgage was entitled to the preference. In the case of Lake v. Loud et al., 10 Ohio, 415, the instrument before the court, like the instrument now presented, was a mortgage, defective as a conveyance of the legal title, from having the attestation of only one witness, but in all other respects properly executed; and the court held that, although not a legal mortgage, it was an equitable mortgage, and could be inforeed in a court of equity against a subsequent judgment levied on the premises, upon the principle settled in the case of the Bank of Muskingum v. Carpenter et al. Had tho court adhered to this decision, it would have saved much perplexing litigation and preserved the harmony of our system of law on this subject.
In the case of Magee v. Beatty, 8 Ohio 396, in which the question of the priority of a mortgage over the claim of a judgment creditor was involved, the determination of the cause turned mainly up-en the question whether the mortgage became operative within the meaning of the seventh section of the registry act of 1831, from the time of its delivery for record, or from the time of its being aetu *98 ally copied into the record, and upon this question the court divided in opinion until the passage of the declaratory act of 1838.
■ In the case of Stansell v. Roberts et al., 13 Ohio, 148, the court determined that, under the registry act of 1831, a second mortgage, first recorded, was to be preferred to a *prior unrecorded mortgage, although the second was taken with notice of the first.
In the case of Mayham v. Coombs et al., 14 Ohio, 428, the court, upon the authority of Magee v. Beatty, and of Stansell v. Roberts, go a stop further, and for the first time give the general lien of a subsequent judgment a preference over a prior unrecorded mortgage. The case of Jackson and Buel v. Luce et al., 14 Ohio, 514, is to the same effect. And in the case of Holliday v. Franklin Bank of Columbus et al., 16 Ohio, 533, the court determined that a mortgage, previous to its delivery to the county recorder for record, had no effect either at law or in equity, against a subsequent judgment, by force of the provisions of the registry act of 1831, as amended in 1838.
The last four decisions referred to are based on the interpretation given to the statute, which provides that mortgages shall take effect and have precedence from the time of the delivery for. record. It was urged that the registry law had reference only to instruments affecting the legal title to land, and left equitable mortgages undisturbed. But the court, on full consideration, in giving a construction to the. law, has seen proper to declare that a mortgage shall have no effect, either in law or in equity, before due execution and delivery for record. Iu the last case referred to, the court draws a distinction between mortgages and other contracts affecting the interest in lands, and repels the old doctrine that a mortgagee is to be treated as a purchaser. In the language of the court in that case, “ Mortgages are bare securities to protect either equitable or legal rights. They are neither the legal right nor the equity, but an incident which attaches to some substantial right or equity. The right or interest to which a mortgage may attach is absolute ; a mortgage is secondary and dependent. Destroy the debt or right to which the mortgage is attached, and it dies; and without some right to which it can attach, it could never exist. It is, in its nature, an incident. The incident may sometimes constitute the entire value of the *substanco; but it does not follow, therefore, that the same principles should govern both. In fact we know they do not. But it was the tendency of the courts to regard them *99 as governed by the same principles that induced the legislature to interfere.”
If the question involved here had not been determined by adjudication in this state, and affirmed and adhered to for a number of years, a majority of this court would feel constrained to take a different view of it. But the decision made is based on a construction given to a statute, has relation to rights of property, and, indeed, has become a rule of property in determining priorities among creditors. Stability and certainty in the law are of the very first importance. Hardships may sometimes result from a stern adherence to general rules. This is unavoidable under any system of jurisprudence. Some barrier is essential to guard against uncertainty. If judicial decisions are subject to frequent change, it would disturb and unsettle the great landmarks of property. The certainty of a rule is often more important than the reason of it; and in the case now before us, we think that the maxim stare decisis et non quieta movere is the safe and judicial policy, and should be adhered to. If the law, as heretofore pronounced by the court in giving a construction to the statute, ought not to stand, it is in the power of the legislature to amend it without impairing rights acquired under it.
The complainant further insists that, although the attestation is signed by but one witness; yet, inasmuch as the justice of the peace, who was competent to be one of the attesting witnesses, subscribed his certificate of the acknowledgment on the same sheet, that there was a substantial attestation of the instrument in compliance with the statute.
The requirements of the statute are that “the signing and seal-’ ing shall be acknowledged by the grantor in the presence of two witnesses, who shall attest such signing and sealing, and subscribe their names to such attestation,” and in addition, “ such signing and sealing shall be acknowledged *by the grantor, before a competent officer, who shall certify such acknowledgment on the same sheet, and subscribe his name to such certificate.” The official signature of the magistrate to his certificate will not answer a double purpose and supply the deficiency which here existed.
Relief is asked for in this case also upon the ground of mistake in the execution of the instrument, without overruling the decisions heretofore referred to. A party, to entitle himself to relief in chancery, on the ground of mistake, must make the necessary allega *100 tions in his bill, to bring himself within the rule of equity jurisdiction under this head. Without, therefore, going into the question whether relief could bo gi'anted on the ground of mistake, without coming in conflict with the judicial decisions which have been noticed, it is sufficient to say that the complainant has failed to make the necessary allegations, either in the original bill or in the bill of review, to entitle him to relief on this ground.

Bill dismissed.