Filed June 26, 1891.

---

No. 63.

## HESS v. REDDING.

WITNESS.—*Impeachment.*—In an action on account, where a witness testifies that the defendant admitted the debt, it is competent to show that the witness had said out of court that she would not swear that the defendant had told her that he was so indebted.

From the Henry Circuit Court.

*J. Brown* and *W. A. Brown,* for appellant.

*T. B. Redding,* for appellee.

ROBINSON, J.—This was an action on an account. The answer was general denial, payment and set-off. Trial by a jury, verdict and judgment for the appellee. Motion for a new trial overruled, and exception.

The only question presented by the appellant is under the motion for a new trial, and relates to certain impeaching

questions propounded to a witness, on behalf of the appellant, and the admission in evidence on the trial of statements made by said witness to and in the presence of other witnesses on said trial out of court.

Mrs. Sutter W. Leaky, a witness on behalf of the appellant, gave very material and important evidence in his favor on the trial of said cause. She testified that she had heard appellee say that appellant's account was all right and straight, and that he owed the appellant $210, and that he never intended to pay him unless appellant would let him have the farm three years longer. Witness also stated that appellee was often at her house, and stated that unless appellant would let him have the farm three years longer, he might collect his money as best he could.

On cross-examination of said witness, appellee propounded the following questions to her, which were answered as follows, to wit:

" Q. Now then did Dr. Hess offer you $10 to swear that? A. No, sir, he didn't.

" Q. Did he say to you, now if you will swear that Jonathan told you he owed him $210 I will give you $10? A. No, sir, he didn't.

" Q. And then you told him you would not tell anything but the truth? A. No, sir, I did not.

" Q. And then didn't he offer you $20? A. No, sir."

The appellee then asked the witness if she had not made these statements to certain persons, naming them, and she denied having made them. The questions were propounded to her as to each person named separately.

At the proper time on the trial of the cause appellee produced as witnesses the same persons named in the questions to Mrs. Leaky, and to each witness, in proper form, propounded the impeaching questions to them that had been asked of the witness Mrs. Leaky, and all of said witnesses answered said questions in the affirmative, that she had made

the statements as indicated by the questions propounded to her.

The appellant contends that the court erred in permitting the evidence complained of to be given on the trial; that the attempted impeachment of the witness was upon a collateral and immaterial question.

The question involved was whether the witness made statements out of court inconsistent with those made under oath as a witness in court, and were such statements of a character inconsistent with those made in court, and would thereby go to the credibility of the witness?

They must have been material and inconsistent. The effort was not to prove that appellant had attempted to bribe the witness, that would have been incompetent, but to show that the witness had said out of court that she would not swear in court that appellee had told her that he was indebted to the appellant in the sum of $210, and that she had said that such was not true, and gave as a reason for not swearing to it that it was not true.

The foundation having been properly laid, we think it was proper for the appellee to show that witness had stated to persons out of court that she would not swear that appellee had told her that he was indebted to the appellant in the sum of $210.

This was a material contradiction of the witness in court, and could not be shown without showing what was said. The fact that witness had said that appellant had offered first $10 and then $20 to testify as above set out, was connected with and a part of the entire conversation.

The purpose of the evidence was to impeach the witness, not to show that she had been bribed or that the appellant had been guilty of bribing, or attempting to bribe her, and if the statement made out of court was proven, it was in direct contradiction to the statement made in court, was concerning the same transaction, and was connected with the subject-matter of the action. The evidence was properly ad-

mitted. *Hyland* v. *Milner,* 99 Ind. 308 ; *Wachstetter* v. *State,* 99 Ind. 290 ; *City of South Bend* v. *Hardy,* 98 Ind. 577.

The court ruled correctly in overruling the motion for a new trial.

The case is affirmed, at costs of the appellant.

Filed June 26, 1891.