276

(No. A-218270—Decided October 2, 1969.)

Common Pleas Court of Hamilton County.

*Messrs. Cors, Hair & Hartsock, Mr. Robert O. Edington*, for defendant executor.

*Messrs. Bloom, Greene, Thurman & Uible, Mr. Milton Thurman, Jr.*, for plaintiffs.

*Mr. E. Winther McCroom*, United States Attorney, for United States of America.

Wood, J.  This matter was brought before the court upon stipulated facts and was submitted for decision without testimony.

The facts are (1) that on June 26, 1961, the plaintiffs recovered a judgment against the defendant John Connelly in the Court of Common Pleas of Hamilton County, in the amount of $8,640.57, which to date remains unsatisfied.  This judgment was certified on October 19, 1961, with the clerk of the Hamilton County Court.  (2) On June 6, 1966, defendant Connelly filed a claim with Irving Harris,

executor of the estate of Walter Briggs Bainum, in the amount of $12,955.62, which claim was allowed by said executor that same date. (3) The United States Government meanwhile on July 1, 1966, assessed federal income taxes due for the year 1965 against defendant Connelly in the amount of $2,399.34. (4) A Notice of Federal Tax Lien was filed on July 7, 1966, in Hamilton County, Ohio. (5) This action or creditor's suit was initiated by plaintiff on July 13, 1966, and on July 14, 1966, the federal government served notice of levy upon the executor of the estate of Walter Briggs Bainum. (6) On October 13, 1967, the estate of Walter Briggs Bainum filed a motion in interpleader to make the United States government a party to this creditor suit, which was granted. (7) It has been stipulated between all the parties that the pro rata amount due to John Connelly from the estate of Walter Briggs Bainum is $1,339.61.

The sole question for this court to decide is whether or not the United States government tax lien has priority over a previous judgment creditor, to wit, the plaintiff in this action.

The plaintiff in this action bases his claim for priority in that he obtained a judgment in the year 1961, which was duly certified in October of that year, and that this should serve as a lien against the proceeds due to the defendant Connelly. Section 2329.07, Revised Code, permits the certified judgment to be valid for five years, and it is therefore obvious that this judgment was still valid and not dormant. Under Section 2329.02, Revised Code, a certified judgment becomes a lien on the *lands* and *tenements* of the debtor in the county in which said certified judgment is filed and shall not operate as a lien on the goods and chattels of the judgment debtor unless they are seized in execution upon the judgment. Section 2329.03, Revised Code. In Ohio, a judgment standing alone is not a lien upon a chose in action. See *Douglass* v. *Huston,* 6 Ohio 156.

The claim of the United States government is predicated under Section 6321 of the Internal Revenue Code of 1954, which provides that a lien is created upon all prop-

erty and rights to property of the taxpayer where, after demand, he neglects or refuses to pay taxes for which he is liable. Also under Section 6322 of the Internal Revenue Code of 1954, a lien arising at the time the assessment is made is effective against all creditors of the taxpayer, excepting subsequent purchasers, mechanics lienors, judgment lien creditors, and holders of a security interest. However, once a tax lien is recorded under Section 6323, it takes priority over claims of even those four classes of creditors whose interests are perfected *subsequent* to the date of the tax lien filing. The tax lien in question arose on July 1, 1966, which was the date upon which the assessment was made against defendant Connelly. Upon that date neither the plaintiff nor any other party had a lien upon the property which is the subject of this action.

On July 13, 1966, the plaintiffs instituted this creditor's suit to subject the debtor's equitable assets, in order to satisfy their judgment. As a result, the plaintiffs acquired a specific equitable lien on the funds ultimately determined to be owing to defendant Connelly. However, this equitable lien did not arise until subsequent to July 1, 1966, on which date the federal lien arose.

The fact that the government levied the assessment on the assets held by the executor is not pertinent to the issues in this case as the levy was executed subsequent to the filing of this creditor's bill and, in addition, the sole issue is whether or not the federal tax lien has priority over a judgment creditor.

Since the property involved in this litigation is not land or tenements, the plaintiffs did not and have not perfected more than an equitable lien upon the assets involved as they did not levy execution as required by Section 2329.03, Revised Code. The United States perfected their legal lien prior to any action except this creditor's suit taken by the plaintiffs.

In equity the general rule is that where a creditor by superior diligence acquires a *legal* priority, equity will leave him to his advantage. The doctrine of "first in time is first in right" must prevail. *United States* v. *New Britain*, 347 U. S. 81.

Therefore, the restraining order herein prayed for by plaintiffs to prohibit the executor of the estate of Walter Briggs Bainum from paying the pro rata assets due to John C. Connelly to the United States government, to wit: One Thousand Three Hundred and Thirty-nine Dollars and Sixty-one Cents ($1,339.61), is hereby denied and this petition is dismissed.

*Petition dismissed.*