LANNING EQUIPMENT CORPO-
RATION, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. Nos. C72-143, C72-144.

United States District Court,
N. D. Ohio, E. D.

Aug. 23, 1972.

Andrew J. Michaels, Akron, Ohio, for plaintiff.

Edward S. Molnar, Asst. U. S. Atty., Dept. of Justice, Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

KRUPANSKY, District Judge.

Both parties to this action have moved pursuant to Federal Rules of Civil Procedure 56 for Summary Judgment in the above captioned cases. It appearing to the Court that both actions having common questions of fact and law they are consolidated for purposes of this Motion. There is no dispute between the parties as to the material facts of this controversy.

On December 6, 1971, the United States of America recorded its lien against all properties belonging to Frank L. Barnett, the owner of record of all properties upon which plaintiff seeks to now quiet title. Frank L. Barnett was, at that time, a major stockholder in Lanning Equipment Corporation. Plaintiff requests an order declaring the Government's liens void by virtue of an order dated January 17, 1972, issued by the Common Pleas Court of Summit County arising from a divorce action between Barnett and his wife.

The Summit County divorce decree, it is claimed, impressed an equitable lien in plaintiff's favor upon the properties of the taxpayer, Frank L. Barnett. The United States was not a party to that action. The Summit County Court's findings which formed the basis for its order of January 17, 1972, were predicated upon the following facts.

In 1968, Frank L. Barnett borrowed large sums of money from Lanning Equipment Corporation to purchase and develop various parcels of real estate and to stock a horse-breeding farm. · In June 1968, Barnett gave the corporation his personal unsecured notes in the amount of $213,067.67, and on March 31, 1969, he substituted new unsecured personal notes for $253,318.87, the amount then due.

On April 21, 1969, Barnett's wife filed an action for divorce and shortly thereafter on May 6, 1969, joined Lanning Equipment Corporation as a party defendant and obtained an order from the Summit County Court restraining both Barnett and the corporation from participating in any assignment, transfer, encumberance or other alienation of real or personal property belonging to either spouse until further order of that Court.

The effect of the Summit County Court's restraining order was to deny Barnett access to conventional sources of finance. As a result, he was unable to repay his indebtedness to Lanning Equipment Corporation.

The Summit County Court further concluded that as a result of adverse business conditions and the restraining order issued in the divorce action, Lanning Equipment Corporation, Lanning Inc., and the horse-breeding enterprise of Frank Barnett all faced impending bankruptcy.

The Government filed its lien in the amount of $515,308.22 against Frank L. Barnett on December 6, 1971, both in Medina and Summit Counties.

Aware of the Government's tax liens, the Summit County Common Pleas Court nonetheless on January 17, 1972, declared an equitable lien to secure payment of the $291,082.59 to Lanning Equipment Corporation upon the properties in question in favor of the plaintiff corporation by a *nunc pro tunc* order to May 6, 1969, the date of its original restraining order issued in the divorce action.

The keystone issue to be resolved, as in all cases wherein the Federal Government asserts its tax lien, is which of two competing claimants, the Government or the plaintiff, shall prevail.

The Government claims priority for its duly recorded tax liens under 26 U.S.C. §§ 6321–6322. Plaintiff asserts its priority by virtue of 26 U.S.C. § 6323 (h)(1) claiming the equitable lien impressed upon the property of Frank L. Barnett by the Summit County Court of Common Pleas entered on January 17, 1972, *nunc pro tunc* to May 6, 1969, as a security interest invalidating the Government's priority position.

■ The priority of the federal tax lien provided by 26 U.S.C. § 6321, as against liens created under state law is governed by the common-law rule—"the first in time is the first in right." United States v. City of New Britain, 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L. Ed. 520 (1954). It is critical therefore to determine when competing liens, whether federal or state-created, come into existence or become valid for the purpose of the rule. *See*, Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960).

The Government's tax lien arises, according to 26 U.S.C. § 6322, when the tax is assessed, but as against the specific security interest such as claimed by plaintiff under § 6323(h)(1), it is not valid until protected under local law.

As for a lien created by Ohio law, § 5301.23 Ohio Rev.Code provides:

All mortgages properly executed shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated, and take effect from the time they are delivered to such recorder for record. If two or more mortgages are presented for record on the same day, they shall take effect in the order of presentation. The first mortgage presented must be the first recorded, and the first recorded shall have preference.

■ Apparent from existing authority choate state-created liens take precedence over later federal tax liens while inchoate liens do not. *See*, United States v. City of New Britain, *supra*; United States v. Gilbert Associates, 345

U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071 (1953); United States v. Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950).

■ Under the federal rule, liens are "perfected in the sense that there is nothing more to be done to have a choate lien—when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." United States v. City of New Britain, *supra*, 347 U.S. 81 at 84, 74 S. Ct. 367 at 369; United States v. Pioneer American Insurance Co., 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963).

Applying the foregoing principles, it is apparent that the Government's tax liens in the aggregate amount of $515,308.22 were perfected on December 6, 1971, upon compliance with Ohio Rev. Code § 5301.23 by the filing in both Medina and Summit Counties.

Applying the same principles of state and federal law to the claims of the plaintiff it is equally apparent that its equitable lien is of no legal force or effect against the Government's perfected lien unless the Summit County Common Pleas Court's order entered January 17, 1972, *nunc pro tunc* to May 6, 1969, subordinated the Government's position.

Construing the undisputed facts most favorable in behalf of the plaintiff whatever rights the judgment of the divorce court may have conferred upon plaintiff as against Barnett, plaintiff's rights as against third parties on the date the federal tax liens arose and for some time thereafter were merely those of an equitable mortgagee and, under Ohio law were clearly not entitled to priority over a subsequently perfected lien of a judgment creditor. Magee v. Beatty and Bell, Admrs. of Z. A. Beatty, 8 Ohio 396 (1838); Betz v. Snyder, 48 Ohio St. 492, 28 N.E. 234 (1891); Scully, et al v. Connelly, et al, 20 Ohio Misc. 276, 254 N.E.2d 401 (C.P. Hamilton 1969).

■ Equally obvious from the available facts is that plaintiff had no security interest in Barnett's properties prior

to the Summit County Court's judgment entered January 17, 1972. Disregarding this apparent conclusion and, for purpose of argument only, accepting the *nunc pro tunc* effect intended by the court the result remains unchanged for the plaintiff's inchoate interest in Barnett's properties had not, at that time or at any time prior to the date the Government perfected its tax lien, become protected under local law against subsequent judgment liens arising out of an unsecured obligation protected by Title 26 U.S.C. § 6323(h)(1)(A). *See,* United States v. Pioneer American Insurance Co., supra.

Accordingly, the Court finds that defendant, United States of America, is entitled to summary judgment, and it is ordered, adjudged, and decreed that summary judgment be entered on behalf of the United States in Cases No. C72–143 and C72–144. Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425 (6th Cir. 1962).

It is so ordered.