DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from judgments of the Huron County Common Pleas Court which, after a sheriff's sale, determined the priority of liens and ordered a supplemental distribution of proceeds to the state of Ohio. From those judgments, defendant-appellant, American General Financial Services, Inc. ("American General"), raises the following assignments of error:
 {¶ 2} "The court committed error by finding that the State of Ohio, Department of Taxation's lien in the amount of $135.79 has priority over American General Finance's mortgage lien.
 {¶ 3} "The court committed error by finding that the State of Ohio, Bureau of Employment Services' lien has priority over American General Finance's mortgage lien.
 {¶ 4} "The court committed error by finding that the Federal Tax lien has priority over American General Finance's mortgage lien.
 {¶ 5} "The court committed error by finding that the State of Ohio, Bureau of Employment Services nka Department of Job of [sic] Family Services' lien in the amount of $211.60 has priority over American General Finance's mortgage lien."
 {¶ 6} Before addressing the merits of this appeal, we are compelled to note that appellant's assignments of error misstate the awards made by the trial court. Contrary to appellant's first assignment of error, the trial court awarded the State of Ohio, Department of Taxation $4,006.97, plus $25 in costs, and awarded the Ohio Department of Job and Family Services $135.79. Contrary to appellant's fourth assignment of error, the court did not award $211.60 to the Ohio Department of Job and Family Services or, from what we can tell, to any party.
 {¶ 7} The undisputed facts of this case are as follows. On November 30, 2001, Citizens National Bank of Norwalk ("Citizens") filed an action in foreclosure against Heidi and Paul Meyerhoefer. The complaint alleged that on September 14, 2000, the Meyerhoefers had executed a promissory note in the amount of $59,700 payable to Citizens and that they secured that note with a mortgage on their property at 2303 Cole Creek Drive in Norwalk, Ohio. That mortgage was recorded on September 15, 2000, in the Huron County Recorder's Office. The complaint further named as defendants the state of Ohio Department of Taxation; the Ohio Bureau of Employment Services, n.k.a. the Ohio Department of Job and Family Services ("ODJFS"); the United States Department of the Treasury, Internal Revenue Service ("United States"); American General; Kin-Ark Oil Company; and Cyclops Corp. Those defendants were named as parties that may have an interest in the Cole Creek Drive property. American General, ODJFS, the Ohio Department of Taxation, and the United States all filed answers asserting their interests in the property. The Meyerhoefers and the remaining defendants did not answer.
 {¶ 8} On January 16, 2002, the lower court granted Citizens' motion for a default judgment against the Meyerhoefers. The Cole Creek Drive property was subsequently sold at a sheriff's sale for $275,000. The court then ordered, in an amended judgment entry nunc pro tunc, that the sheriff pay from the proceeds of the sale, the following valid claims in the following order of priority:
 {¶ 9} "First: To the Clerk of [the Huron County Court of Common Pleas] the costs of this action (including the fees of appraisers), taxed at $3,642.98.
 {¶ 10} "Second: To the Treasurer of the State of Ohio, the taxes legally assessed against the real estate, in the amount of $4,006.97, plus $25.00 in costs.
 {¶ 11} "Third: To the State of Ohio, Bureau of Employment Services, the taxes legally assessed against the real estate, in the amount of $135.79.
 {¶ 12} "Fourth: To the United States * * * the taxes legally assessed against the real estate, in the amount of $34,460.25.
 {¶ 13} "Fifth: To the Auditor of Huron County, the Ohio State transfer fee of $550.50.
 {¶ 14} "Sixth: To the Treasurer of Huron County, the taxes legally assessed against the real estate, in the amount of $14,100.35.
 {¶ 15} "Seventh: To American General Finance, the principal sum of $212,318.84, plus $5,759.32 towards the per diem.
 {¶ 16} "Eighth: To plaintiff, The Citizens Banking Company [sic], receives nothing.
 {¶ 17} "Ninth: The remainder of funds to be held by the Clerk to await further order."
 {¶ 18} Appellant American General now challenges the trial court's order of priority on appeal. Appellant does not challenge the awards to the Treasurer or Auditor of Huron County or to the clerk of the Huron County Court of Common Pleas. Rather, appellant asserts that its lien is superior to those filed by the Ohio Department of Taxation, the ODJFS, and the United States because it was recorded first in time. Appellees, the ODJFS and the Ohio Department of Taxation, filed a joint brief agreeing that their liens were indeed inferior to the mortgage lien filed by American General. In particular, these parties agree that because American General's mortgage lien was recorded on May 12, 2000, it is superior to the ODJFS lien recorded on March 12, 2001, and the Ohio Department of Taxation judgment lien recorded on September 28, 2000. The United States has not filed a brief in this matter.
 {¶ 19} R.C. 5301.23 sets forth the general rule that "the first mortgage recorded shall have preference" over subsequently recorded mortgages. Similarly, R.C. 2329.02 provides that a judgment lien upon land is effective upon the date that it is filed in the office of the county recorder of the county in which the land is situated. The same principle applies to federal tax liens, see Lanning Equip. Corp. v. UnitedStates (1972), 346 F. Supp. 1068. Finally, liens established under R.C.4141.23 for an employer's unpaid contribution for unemployment compensation "shall not be valid as against the claim of any mortgagee, pledgee, purchaser, judgment creditor, or other lienholder of record at the time such notice is filed." R.C. 4141.23(D). Accordingly, in establishing the priorities of the liens involved in this case, we look to the order in which the liens were recorded.
 {¶ 20} In the current case the relevant liens were recorded against the Meyerhoefer's property as follows: a mortgage to American General filed on May 15, 2000; a mortgage to Citizens National Bank of Norwalk filed on September 15, 2000; a judgment lien filed by the Ohio Department of Taxation on September 28, 2000; a lien filed by ODJFS pursuant to R.C. 4141.23 on March 2, 2001; and a federal tax lien filed on November 5, 2001. Accordingly, American General's lien takes priority over the liens filed by the ODJFS, the Ohio Department of Taxation and the United States.
 {¶ 21} The trial court, therefore, erred in its determination of the priority of the liens and appellant's first three assignments of error are well-taken. The fourth assignment of error is moot.
 {¶ 22} On consideration whereof, the court finds that substantial justice has not been done the party complaining and the judgments of the Huron County Court of Common Pleas are reversed. This cause is remanded to the trial court for a redetermination of the priority of liens consistent with this decision. Court costs of this appeal are assessed to appellees.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Lanzinger, J., Singer, J. concur.