## Fegley et al. *versus* McDonald.

1. Where a creditor has in his hands the means of paying his debt out of the funds of the principal debtor, and he might have paid the same by the exercise of reasonable diligence, and does not use the means thus within his control, the surety is discharged.

2. Where the principal debtor gave his check and the money remained in bank for seven days before presentation of the check, and it was dishonored, because the bank had on that day appropriated the money intended to meet it to the payment of an indebtedness of the principal due the bank on that day, the surety is discharged by the delay in presentation.

3. *It seems*, that a check is generally designed for immediate presentation and not for circulation, and it is the duty of the holder to present it for payment as soon as he reasonably may, and if he does not he keeps it at his own risk.

February 12th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county*: Of January Term 1876, No. 253.

Joseph McDonald became surety for one Rose, as treasurer of Stephen Girard Lodge, No. 450, A. Y. M., giving to the lodge, with Rose, a joint and several bond with warrant of attorney in $1000, for the faithful performance by Rose of the duties of his office. Judgment was entered thereon June 25th 1874, which judgment was subsequently opened as to McDonald, who was let into a defence.

At the trial, before Finletter, J., it appeared that Rose was ordered by the lodge, on January 28th 1874, to pay the Grand Lodge, F. & A. M., the sum of $920, the amount of rent and dues owing for the year 1873. Rose made no attempt to obey the order of the lodge until May 27th 1874. On that day, after 3 o'clock, he sent his personal check for $920 to the secretary of the Grand Lodge, drawn on the Union Banking Company of Philadelphia. This check was not presented until June 4th 1874, when it was dishonored. On the day the check was given, Rose had no funds in bank to meet it, but the next day, May 28th 1874, he deposited the amount of the check to his individual account in the Union Banking Company. The funds so deposited, however, had been appropriated by said bank, June 4th 1874, before the check was presented, to pay a note then due, endorsed by Rose, which the bank had discounted for his benefit. The lodge was subsequently compelled to pay the said $920 to the Grand Lodge with accumulated interest. Rose never accounted to Stephen Girard Lodge for said amount or paid any part of the same.

The court directed the jury to find for the plaintiffs, reserving the question of law as to whether McDonald, the surety, was discharged from liability on his bond to Stephen Girard Lodge by the delay of the Grand Lodge in presenting the check.

The verdict was for the plaintiffs.

[Fegley v. McDonald.]

Subsequently judgment was entered, by the court in banc, for the defendant on the point reserved.

The case was first argued in the Supreme Court on February 27th 1878, and the court being equally divided (WOODWARD, J., being absent), the judgment was affirmed. A re-argument was subsequently ordered.

W. D. Wetherill, for plaintiffs in error.—McDonald was not an endorser on a note but a co-obligor on a bond, and the delay of the Grand Lodge could not, therefore, discharge him : Hutchinson v. Commonwealth, 6 Barr 124 ; Wayne v. Commercial Bank, 2 Smith 343.

Thomas J. Diehl, for defendant in error.—The delay worked a discharge : Richards v. Commonwealth, 4 Wright 146 ; Hopkins v. Ware, Law Rep. 4 Ex. 268. The subordinate lodge should have insisted that the check was payment, and the fact that they paid the second time cannot affect McDonald.

Mr. Justice MERCUR delivered the opinion of the court, May 5th 1879.

The plaintiffs represent the Stephen Girard, a subordinate lodge of A. Y. M. The defendant was surety for one Rose, as treasurer of the lodge. The claim is against the surety for the alleged default of the treasurer. It appears that the Girard Lodge was indebted to the Grand Lodge for rent and dues in the sum of $920. Rose was, by resolution of his lodge, ordered to pay that sum to the Grand Lodge. After banking hours, on the 27th May 1874, he drew his private check for that amount on the Union Banking Company, sent it to the secretary of the Grand Lodge, and received from him a receipted bill for the amount. It would appear that this sum of the plaintiff's money was either actually or constructively in the hands of the treasurer when he drew the check. The Grand Lodge omitted to present the check for payment until the 4th of June 1874, although the bank and all the parties were located in the city of Philadelphia. When presented payment thereof was refused by the bank, Rose having no funds there to meet it. The Grand Lodge retained the check for more than a year thereafter, when the Girard Lodge, without suit, voluntarily paid it. The latter now seeks to recover the amount thus paid out of the defendant as surety. There is no dispute about the facts. It appears that when Rose drew the check he had no funds in bank to meet it ; but the next day he deposited the amount of the check to his individual account in the bank. The money so deposited remained there, subject to his check, until the 4th of June. On this day, but before the check was presented, the money was appro-

[Fegley *v.* McDonald.]

priated by the bank to pay another obligation of Rose which matured on that day.

The court directed the jury to find for the plaintiffs, reserving the question of law as to whether the defendant, surety, was discharged from liability on his bond to Stephen Girard Lodge by the delay of the Grand Lodge in presenting the check. Afterwards the court entered judgment in favor of the defendant on the point reserved. This is assigned for error.

The rule is well settled, that when a creditor has in his hands the means of paying his debt out of the property of his principal debtor, and does not use it but gives it up, the surety is discharged. It need not be actually in the hands of the creditor, if it be within his control, so that by the exercise of reasonable diligence he may have realized his pay out of it, yet voluntarily and by supine negligence relinquished it, the surety is discharged : Commonwealth *v.* Vanderslice, 8 S. & R. 452; Ramsey *v.* Westmoreland Bank, 2 P. & W. 203; Everly *v.* Rice, 8 Harris 297; Boschert *v.* Brown, 22 P. F. Smith 372.

The question now before us is not in regard to the liability of Rose on the check, nor the validity of the claim against him. It is the right of the surety only with which we are now dealing. In contemplation of law the check was received by the Girard Lodge and paid to the Grand Lodge. On the first day after its receipt the money was in bank to meet it, and so remained there for one full week. If the check had been presented on any business day of the seven, it would have been paid, and the surety would have been discharged from all liability. It was given by Rose to discharge his liability to the Girard Lodge. If presented at bank in due time it would have paid the demand against him. Then the responsibility of the surety would unquestionably have been discharged. If not discharged it is solely through delay in the presentation of the check. Whether that delay was the immediate act of the Girard Lodge which received it, or the act of the Grand Lodge to which it was transferred, makes no substantial difference to the surety. The creditor had the means of payment in its own hands.

A check is generally designed for immediate payment and not for circulation. It is the duty of the holder to present it for payment as soon as he reasonably may, and if he does not, he keeps it at his own risk. The Girard Lodge accepted it as a payment from Rose. In like manner the Grand Lodge accepted it from the subordinate lodge. In order to charge the latter by reason of the nonpayment, it should have been presented for payment within a reasonable time. Had it been so presented it would have been paid. A delay of seven days was an unreasonable time. While so holding the check unpresented, the Grand Lodge had no legal claim against the Girard, nor the latter against the surety of Rose. When it was

[Fegley *v.* McDonald.]

presented and dishonored, it was too late for the Grand Lodge to cast the loss which it had sustained through its own default on the Girard, and for the latter by voluntarily paying the check, to impose a legal liability therefor on the defendant.    The learned judge was right in entering judgment in favor of the defendant on the question reserved.    .                          Judgment affirmed.