STATE OF OHIO, ex rel. STAR SUPPLY, DIVISION OF STAR INDUSTRIES, INC., Plaintiff,

v.

CITY OF GREENFIELD, OHIO, et al., Defendants.

No. C-1-80-434.

United States District Court, S. D. Ohio, W. D.

Dec. 22, 1981.

Jeffrey L. McClelland, Columbus, Ohio, for plaintiff.

Ralph W. Phillips, Greenfield, Ohio, John J. Finnigan, Cincinnati, Ohio, Nicholas J. Pantel, Asst. U.S. Atty., Cincinnati, Ohio, for defendants; Karen B. Brown, Tax Division, Dept. of Justice, Washington, D. C., of counsel.

## OPINION

DAVID S. PORTER, Senior District Judge:

This action was commenced by a "Complaint in Mandamus," pursuant to Ohio Rev. Code § 1311.32, in the Court of Common Pleas of Highland County, Ohio. In the state court, the defendant City of Greenfield answered and interpleaded the following as claimants to the fund in its possession: Star Supply, Division of Star Industries, Inc. (the relator in mandamus); the United States, Internal Revenue Service; R. C. Gibbs, trustee in bankruptcy of Rural Water Systems, Inc.; and American Fidelity Fire Insurance Co. The action was thereafter removed to this Court by the United States pursuant to 28 U.S.C. §§ 1441 and/or 1444. Jurisdiction over this action, on removal, is properly conferred by 28 U.S.C. §§ 1444, 2410.

The undisputed facts are as follows. On August 4, 1978, American Fidelity Fire Insurance Company entered into an indemnity agreement with Rural Water Systems, Inc. whereby Rural Water agreed to indemnify American Fidelity against

> ... every claim, demand, liability, loss, cost, charge, counsel fee, payable on demand of surety, whether actually incurred or not, ... expense, suit, order, judgment and adjudication whatsoever, and any and all liability therefor, sustained or incurred by the company by reason of having executed or procured the execution of any bonds or obligations. . . .

The agreement further provided that in the event of breach or default on a construction contract for which American Fidelity would have given a bond, American Fidelity "shall be subrogated to all the rights and property of [Rural Water] in such contract, including deferred and reserved payments ..., and

any and all moneys and securities that may be due and payable at the time of such default...."

On February 15, 1979, Rural Water entered into a contract with the City of Greenfield, Ohio, for the construction of improvements to its water works and distribution system. American Fidelity, as surety, executed performance and payment bonds with Rural Water for the benefit of the City of Greenfield for this construction project on February 21, 1979. Rural Water entered into a subcontract with Star Supply to supply materials to be used in the construction of the water main and distribution system improvements. Star Supply delivered these materials to Rural Water, which did not pay for the materials. Rural Water owed Star Supply $30,025.15 for the materials delivered by Star Supply under its subcontract with Rural Water.

Rural Water completed the construction required under its contract with the City of Greenfield on December 4, 1979. The City paid Rural Water all monies due under the contract except a final payment in the amount of $33,228.02. On August 30, 1979, Star Supply filed a statement for lien on public funds pursuant to O.R.C. § 1311.26. Star Supply filed a copy of the statement with the County Recorder of Highland County, Ohio, pursuant to O.R.C. § 1311.29, and recorded it at Miscellaneous Record 2, page 507, Highland County Recorder's Office. After receiving notice of Star Supply's claim, the City detained from Rural Water the final payment of $33,228.02, placing the detained funds in an escrow account pursuant to O.R.C. § 1311.28.

In October and again in December of 1979, the delegate of the Secretary of the Treasury made assessments against Rural Water for unpaid federal income withholding and Federal Insurance Contributions Act taxes. Together with interest and penalties, the amounts due the United States from Rural Water totalled at least $35,000 as of December 15, 1980. The United States filed, at the Recorder's Office, Franklin County, Ohio, a notice of lien as to the October assessment on December 10, 1979, and a notice of lien as to the December assessment on January 7, 1980. Rural Water's principal executive office was then located in Franklin County, Ohio.

Rural Water filed a petition in bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division, during March of 1980.

Finally, in March, April and June of 1980 certain other subcontractors, materialmen and an insurer notified the City of Greenfield, by letter, of unpaid claims for work performed or materials supplied and a claim for damages arising out of the Greenfield construction project. The total amount of these unpaid claims is $3,603.86. American Fidelity has not yet paid any of these claims, and, indeed, concedes that the limitations period for any such claim to be made has now run. See Ohio Rev.Code § 153.05 (one year limitation after last performance or delivery).

By judgment entry of December 5, 1980, this Court has already awarded to Star Supply $30,025.15 from the fund retained by the City of Greenfield in payment of its materialman's lien claim. See O.R.C. § 1311.26–.32. Thus there remains only $3,202.87 in the retained fund at present. As will be discussed below, the amount paid to Star Supply was not property of Rural Water, and was therefore not subject to the automatic stay resulting from the contractor's filing for bankruptcy. See 11 U.S.C. §§ 362(a)(3), 541(a).

This action is currently before this Court upon the motions for summary judgment of the United States and American Fidelity (docs. 12–13). These motions are the subject of supporting, opposing and reply memoranda filed by the United States and American Fidelity (docs. 12–13, 15–17). No other party has contested the motions.

American Fidelity claims a right to the remaining fund upon a number of grounds. First, it asserts that as surety it has an equitable lien in the remaining fund arising out of its contract of indemnity with the contractor Rural Water. See In re Bruce, 217 F.Supp. 926, 929 (S.D.Fla.1963). Secondly, it claims that the contractor had

no property interest in the retained fund to the extent of the claims of unpaid subcontractors and materialmen, so that no tax lien of the United States could attach to the fund. Finally, it asserts that the lien of the United States is, in any event limited to the unpaid taxes arising directly out of the Greenfield project. *Citing Avco Delta Corp. v. United States*, 484 F.2d 692 (7th Cir. 1973).

The United States claims a prior right to the remaining fund on the basis of the lien created against all of Rural Water's property by virtue of the tax assessments made during 1979. The United States appears to argue that the surety here has no equitable lien under Ohio law and that even if it did an equitable lien is insufficient to defeat a tax lien. *See Lanning Equipment Co. v. United States*, 346 F.Supp. 1068 (N.D.Ohio 1969); *Scully v. Connelly*, 20 Ohio Misc. 276, 254 N.E.2d 401 (C.P.1969). The government also asserts that any equitable lien the surety might have is inchoate and, therefore, inferior to a lien for taxes. Finally, as to the question whether the contractor, Rural Water, had any property interest in the retained fund to which a tax lien could attach, the government argues that under the controlling provisions of the Ohio Revised Code, a contractor retains a right to payment to the extent that the fund exceeds the amount due under sworn and itemized statements submitted. *See* O.R.C. §§ 1311.26 *et seq.*

The threshold question upon these competing motions is whether the contractor had any property interest in the fund retained by the City of Greenfield. If it did not then neither the United States nor the trustee in bankruptcy have any interest in the fund, and judgment should be entered in favor of the surety, American Fidelity. *See Pearlman v. Reliance Insurance Co.*, 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962); *Aquilino v. United States*, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); *Western Casualty & Surety Co. v. Brooks*, 362 F.2d

486 (4th Cir. 1962) (Ohio Law). If the contractor did have a property right to which the tax lien of the United States could attach, then this action could proceed no further without relief from the automatic stay of 11 U.S.C. § 362.[1]

The question whether the taxpayer's interest in a given property was sufficient for a tax lien to attach must be determined under state law. *Aquilino v. United States*, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). Under Ohio law, a surety that is required to pay amounts owing to subcontractors, laborers or materialmen is thereby subrogated to the rights of those it has paid as well as to the rights of those whose obligation it has discharged. *Western Casualty & Surety Co. v. Brooks*, 362 F.2d 486 (4th Cir. 1962) (Ohio Law); *Miami Conservancy District v. New Amsterdam Casualty Co.*, 118 F.2d 604 (6th Cor.), *cert. denied*, 314 U.S. 640, 62 S.Ct. 80, 86 L.Ed. 513 (1941). The City of Greenfield had both the right and the equitable obligation—implied from Ohio Statutory Provisions that required the City to obtain a payment bond, see OR.R.C. § 153.54 (1978) (amended, Aug. 8, 1980)—to assure that subcontractors, laborers and materialmen were paid at least to the extent of the retained funds. *Western Casualty & Surety Co. v. Brooks*, 362 F.2d 486, 491 n. 23 (4th Cir. 1962). The funds retained by the City are as much for the protection of the surety as they are for that of the City, and they belong equally to the surety as to the contractor. *See id.* at 490; *United States Fidelity & Guaranty Co. v. Allied Products Co.*, 45 Ohio App. 270, 187 N.E. 83 (1933); *cf. State, ex rel. Southern Surety Co. v. Schlesinger*, 114 Ohio St.2d 323, 151 N.E. 177 (1926) (surety completed contract); *cf.* (1926); *Village of Beechwood v. Ohio Casualty Insurance Co.*, 47 Ohio App. 212, 191 N.E. 797 (1934) (effect on tax lien).

However, it has been held that surety's rights in a retained fund go no further than those of the laborers, materialmen, and the

---

1. As noted further on, the stay has now been vacated as to the fund held by the City of Greenfield.

state to which it is subrogated. *Western Casualty & Surety Co. v. Brooks*, 362 F.2d 486 (4th Cir. 1962); *Miami Conservancy District v. New Amsterdam Casualty Co.*, 118 F.2d 604 (6th Cir.), *cert. denied*, 314 U.S. 640, 62 S.Ct. 80, 86 L.Ed. 513 (1941); *Village of Beechwood v. Ohio Casualty Insurance Co.*, 47 Ohio App. 212, 191 N.E. 797 (1934). Thus, if the state was without authority to withhold any part of the fund from the contractor, then as to that part of the fund the contractor had a sufficient right to payment for the federal tax lien to attach. *Cf. United States v. Commonwealth of Pennsylvania*, 349 F.Supp. 1370 (E.D.Pa.1972) (Pa. law); *Logan Planing Mill v. Fidelity & Casualty Co.*, 212 F.Supp. 906 (S.D.W.Va.1962) (W.Va. law).

Under Ohio law, the state's obligation to assure the payment of subcontractors, laborers or materialmen, and to protect the interests of a surety in the funds retained by the state is limited by the mechanics lien provisions of O.R.C. §§ 1311.-26–.32. *Miami Conservancy District v. New Amsterdam Casualty Co.*, 118 F.2d 604 (6th Cir.), *cert. denied*, 314 U.S. 640, 62 S.Ct. 80, 86 L.Ed. 513 (1941). The state has no obligation to pay those persons who have failed to comply with the statutory lien provisions, even where it does have some notice of their claims. *Village of Beechwood v. Ohio Casualty Insurance Co.*, 47 Ohio App. 212, 191 N.E. 797 (1934). In fact, the statutory provisions state specifically that the public authority shall detain from the principal contractor only such subsequent payments as do not exceed the claims set forth in sworn and itemized statements that have been filed with that authority. O.R.C. §§ 1311.26, .28. The remainder of the fund is the property of the contractor. *See United States v. Durham Lumber Co.*, 363 U.S. 522, 80 S.Ct. 1282, 4 L.Ed.2d 1371 (1960) (applying similar N.C. provisions).

In the case at bar, only Star Supply complied with the sworn and itemized statement requirement of the mechanics lien statute. No other of the subcontractors, laborers or materialmen have done so, and none of them can do so now. *See O.R.C.*

§ 1311.26 (four months limitation after last performance or delivery). Accordingly, the contractor, Rural Water, had a sufficient property interest or right to payment in the fund remaining after payment of Star Supply's claim for the federal tax lien to attach. Thus American Fidelity, the surety, can claim neither through the rights of the State of Ohio nor through the rights of subcontractors or materialmen. These persons have no further rights in the retainage fund. The surety's claim arising out of its contract of indemnity with the contractor, Rural Water, must necessarily claim through the rights of the contractor. Likewise, the tax lien claim of the United States must be made through the rights of the contractor.

We are faced then with the question of priority between the government's tax lien and any equitable lien that the surety might have in the retained fund. We need not now decide whether Ohio law would accord the surety an equitable lien as to the claim it now asserts, nor need we decide whether such a lien is entitled to the protections of 26 U.S.C. § 6323(a). *See In re Bruce Construction Corp.*, 217 F.Supp. 926, 929 (S.D.Fla.1963) (stating in *dictum* that such a lien exists). Even assuming that the above two issues are both resolved in favor of the surety, § 6323 accords priority only to state created liens that are choate on the date the federal tax lien is filed. A lien is choate only when the identity of the lienor, the property subject to the lien and the amount of the lien are certain. *United States v. Pioneer American Insurance Co.*, 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963); *United States v. City of New Britain*, 347 U.S. 81, 84, 74 S.Ct. 367, 369, 98 L.Ed. 520 (1954).

To date, American Fidelity, as surety, has made no payment to any subcontractor or other claimant. Moreover, the surety conceded in oral argument that it cannot now be held liable upon its bond because the time for making such claims has run. Nevertheless, the surety asserts that it is entitled to be compensated from the fund for its expenses in this litigation. Even if

we assume that the surety possesses an equitable lien as to such expenses, that lien was not choate at the time the Internal Revenue Service filed its notice of tax lien, because the amount of attorneys fees was then uncertain. Thus, the lien of the United States must be given priority over that of the surety. *See United States v. Pioneer American Insurance Co.*, 374 U.S. 84, 87, 83 S.Ct. 1651, 1654, 10 L.Ed.2d 770 (1963); *United States v. L. R. Foy Construction Co.*, 300 F.2d 207, 211 (10th Cir. 1962).

Because the claim of the United States is against the property of Rural Water, and because Rural Water is a debtor in bankruptcy, the claim of the United States can only be pursued if relief is granted from the automatic stay of 11 U.S.C. § 362. On October 2, 1981 the Honorable G. L. Pettigrew, Judge of the United States Bankruptcy Court of Columbus, Ohio, entered an order vacating the automatic stay "as to all funds held by the City of Greenfield, Ohio on account for Rural Water Systems, Inc., the debtor herein." This Court is now free to proceed in this matter.

Accordingly, the motion for summary judgment of the United States is granted and that of American Fidelity Fire Insurance Co., is denied. The City of Greenfield will be ordered to pay to the United States the remaining amount of retainage fund.