**In re UNIVERSAL BUILDERS, INC. Debtor.**

**GREAT AMERICAN INSURANCE COMPANY, Plaintiff,**

v.

**UNIVERSAL BUILDERS, INC., United States of America, Cowan Housing Authority and County of Lewis, Defendants.**

No. 385–00649.
Adv. No. 385–0156.

United States Bankruptcy Court, M.D. Tennessee.

July 2, 1985.

As Amended July 9, 1985.

Crocker & DeSha, Nashville, Tenn., for debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW UPON HEARING OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR ADEQUATE PROTECTION

GEORGE C. PAINE, II, Bankruptcy Judge.

This cause came to be heard on June 19, 1985, upon the Motion of Great American Insurance Company for the issuance of a preliminary injunction and upon the further Motion of Great American Insurance Company for adequate protection of its interest in the funds owed to the Debtor under construction projects bonded by Plaintiff, Great American Insurance Company. The Motion for Preliminary Injunction seeks specifically to enjoin and require the Defendant, Universal Builders, Inc., to use contract funds received upon construction projects bonded by Plaintiff to pay only bona fide claims of material and labor suppliers on each bonded construction project. Plaintiff further seeks a preliminary injunction enjoining the United States of America from turning over to the Debtor any contract funds upon specific bonded construction projects. This preliminary injunction is sought in this adversary proceeding commenced by Plaintiff's Complaint for Declaratory Judgment seeking to declare all or part of certain funds payable to the Debtor upon nine (9) bonded construction projects not to be property of the estate under 11 U.S.C. § 541. This Court granted Plaintiff a Temporary Restraining Order on June 10, 1985, temporarily restraining the debtor-in-possession from utilizing any funds in its possession from bonded construction projects wherein Great American Insurance Company was the surety except for the purpose of paying the claims of labor and material suppliers on said bonded projects and further restraining the United States of America, Cowan Housing Authority, and County of Lewis from turning over any contract funds to the Defendant on bonded construction projects upon which Great American Insurance Company is the surety.

Plaintiff's Motion for Preliminary Injunction was consolidated for hearing with Plaintiff's previously filed Motion for Adequate Protection in which Plaintiff seeks adequate protection of its alleged equitable interest in the contract funds due the debtor-in-possession under the contracts upon the construction projects bonded by Great American Insurance Company.

It is essentially the position of Plaintiff that concerning the construction projects where the claims of labor and material suppliers exceed the balance due to the debtor-in-possession under the contract, the Debtor has no interest in the funds due; thus, the monies due are not property of the estate, and the funds should be controlled by the surety, Great American Insurance Company, to insure their disbursement only to labor and material suppliers upon the bonded contract jobs.

The debtor-in-possession asserts that a distinction must be drawn between progress payments due on the construction jobs and retainage which has been withheld until completion and acceptance of each respective contract by the owner. Hence, according to the debtor-in-possession, any progress payments due the Debtor are property of the estate and should be turned over to the Debtor to be used for post-petition operating expenses, subcontractors and materialmen.

The Court has considered the pleadings, briefs of the parties, and testimony in open court, and denies in part the Motion of Great American Insurance Company for a preliminary injunction, and denies in full

the Motion for Adequate Protection. The following shall constitute findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Universal Builders, Inc., filed a Chapter 11 petition in this Court on March 12, 1985, at which time there existed certain suretyship agreements in the form of payment bonds and performance bonds between Great American Insurance Company, surety, and Universal Builders, Inc., the contractor. In connection with the creation of said surety relationship, Universal Builders, Inc., assigned as collateral to Great American Insurance Company all sums due under the relevant bonded construction projects.

2. Great American Insurance Company was the surety upon nine (9) separate construction projects of Universal Builders, Inc., at the time of the filing of the within Chapter 11 petition. Universal Builders, Inc., has continued to perform work upon these construction projects post-petition and has not abandoned any of the projects.

3. The funds held by the owners of the various projects include progress payments which are due and owing to the Debtor pursuant to the contracts. Certain of these funds also represent retainage held by the owners on at least one project.

4. Great American Insurance Company corresponded with each of the owners on the bonded construction projects at or about the time of the filing of the within Chapter 11 petition and demanded that any monies due to the debtor-in-possession be paid only to the suppliers of labor and materials on each respective project which deprived the debtor-in-possession of its right to receive progress payments under its contracts.

5. The debtor-in-possession has continued to perform work upon its jobs post-petition and has continued to pay post-petition claims as it is able, including payments from its own funds. Furthermore, the debtor-in-possession is not paying pre-petition claims.

6. There has been no showing of a misapplication or mismanagement of funds by the Debtor.

7. The Agreement of Indemnity executed by Great American Insurance Company and Universal Builders, Inc., containing the assignment as collateral of the sums which may become due on the contracts of Universal Builders, Inc., is not properly perfected.

## CONCLUSIONS OF LAW

There are two issues presented for the Court's determination. First, whether a preliminary injunction should issue pending the hearing upon the merits of Plaintiff's Complaint for Declaratory Judgment, enjoining Defendant from the use of any contract funds received under bonded construction projects other than to pay the claims of material and labor suppliers and further enjoining the United States of America from paying over to the debtor-in-possession any contract funds on certain bonded construction projects. Second, whether Plaintiff is entitled to adequate protection of any interest it may have in the contract funds owed to the debtor-in-possession under the bonded construction projects.

■ The prerequisites for the granting of a preliminary injunction are well established. See *Riverside Park Realty Co. v. Federal Deposit Insurance Corp.*, 465 F.Supp. 305 (M.D.Tenn.1978). Plaintiff must show a substantial likelihood that it will prevail upon the merits at a final hearing of the cause before a preliminary injunction can issue. In this instance, Plaintiff must establish an interest in the contract funds greater than that of the Debtor in order not only to establish a substantial likelihood that it will prevail upon the merits, but also to show that the threatened injury to it is greater than the injury which would be inflicted upon the Debtor by the grant of the injunction.

■ Plaintiff has not established an interest in the contract funds greater than the Debtor which gives rise to a substantial

likelihood that it will prevail upon the merits at a final hearing of this cause, as it is the opinion of this Court that progress payments due to the debtor-in-possession under the bonded construction projects are property of the estate under 11 U.S.C. § 541. See *In Re Glover Construction Co., Inc.*, 30 B.R. 873 (Bk.W.D.Ky.1983).

The *Glover* case emphasizes the distinction between "retainage" and "progress payments". In so doing the Court distinguishes away the case of *Pearlman v. Reliance Insurance Co.*, 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962) upon which the Plaintiff has relied, because *Pearlman* addressed solely retainage funds.

Judge Merritt S. Deitz, Jr., recognized in *Glover* that in *Pearlman* the retainage funds would have been due to be paid to the contractor had it paid its subcontractors, but since it had not, the surety had a prior right to the retained funds as reimbursement under an equitable lien theory. On the other hand, Judge Deitz recognized that progress payments are:

> periodic cash receipts from the owner consequent to an enforceable contract. This method of compensation is given not in exchange for a single simple element of performance, but one having many constituent parts. The owner's money "buys" satisfaction of all aspects of the construction project: the contractor's expertise, the operating overhead inherent in the project, labor expended, and materials used. All of these factors were components of the contract price. Indeed, the owner, in part, pays the contractor a series of lump sums to be relieved of the effort and responsibility of coordinating a myriad of ancillary transactions.

*Glover* at 879.

This court recognizes that the system of progress payments upon a construction job is essential to provide working capital for a contractor. The debtor-in-possession's contract rights to receive these payments are linked to performance of the debtor's contract obligations. To hold otherwise would be to deny the debtor-in-possession the relief to which it is entitled. Thus the debtor may use these funds which are property of the estate to pay post-petition expenses including operating costs, sub-contractors and materialmen.

It is the opinion of this court that a preliminary injunction should issue as to any retainage funds withheld by the owners of the contracts in which the plaintiff is surety. As to any progress payments which are due or become due to the debtor-in-possession under the subject contracts, no injunction shall issue.

Likewise, plaintiff's motion for adequate protection of an interest in progress payments due to the debtor-in-possession is denied. There has been no proof presented that plaintiff has an interest entitling it to adequate protection under 11 U.S.C. 361. The proof presented established that the surety failed to properly perfect its security interest in the progress payments due the debtor-in-possession and, even if this interest had been properly perfected, it would be avoided on progress payments earned post-petition pursuant to 11 U.S.C. 552 (West 1984).

Plaintiff introduced an agreement of indemnity executed by plaintiff as surety, Universal Builders, Inc. as contractor, and Dan J. Gordon and Joyce A. Gordon as indemnitors. This agreement was executed on June 17, 1983, by all parties. The agreement, by its terms, attempts to assign as collateral, among other things, "any and all sums that may be due or hereafter become due on account of any and all contracts ... in which the contractor has an interest." This assignment was intended as security and, as such, must be perfected under the provisions of the Tennessee Uniform Commercial Code, TENN.CODE ANN. 47–1–101, *et seq.*, to prevent avoidance of its lien creditor status by the debtor-in-possession. *See* 11 U.S.C. 544. The only evidence presented as to perfection of the assignment was by the president of the debtor-in-possession, who testified that he had not executed any financing statement for filing with the Secretary of State of

Tennessee in conjunction with the execution of the assignment. Thus, Great American Insurance Company does not have an interest in the progress payments due to the debtor-in-possession which have been held herein to be property of the debtor's estate. Great American Insurance Company has all the rights of an unsecured creditor of this estate, but no more.

The court further finds that Great American Insurance Company has no equitable right in the progress payments which would entitle it to adequate protection. The court recognizes that under *Pearlman* and *Glover*, Great American Insurance Company would be equitably subrogated to the rights of any materialmen or sub-contractors it paid on a project it bonded. In this case, it appears from the evidence that the projects in question are government projects under the Miller Act. From the proof before the court, it appears that these subcontractors and materialmen are unsecured claimants. Thus, to the extent Great American Insurance Company is equitably subrogated to the rights of these materialmen and subcontractors, it has only an unsecured claim against the estate. Great American Insurance Company cannot, through the doctrine of equitable subrogation, increase its rights beyond those held by the parties it paid.

Plaintiff has attempted to show the mismanagement or misapplication of funds on the part of the debtor-in-possession and its principals. No misapplication or mismanagement has been shown. Evidence of this type, if it exists, would be relevant should the plaintiff seek a remedy such as the appointment of a trustee under 11 U.S.C. 1104.

Accordingly, plaintiff's motion for preliminary injunction is denied insofar as it relates to any progress payments due or to become due the debtor-in-possession upon its construction jobs. As a result, the temporary restraining order issued by this court on June 10, 1985, is hereby dissolved to the extent it involves progress payments. A preliminary injunction shall issue as to any retainage funds withheld by the owners upon the construction jobs bonded by the plaintiff. Plaintiff's motion for adequate protection is denied.

IT IS, THEREFORE, SO ORDERED.