**INDIANA LUMBERMENS' MUTUAL INSURANCE COMPANY,**
Appellant,

v.

**CONSTRUCTION ALTERNATIVES,**
**INC., et al., Appellees.**

No. C–1–92–0017.

United States District Court,
S.D. Ohio.

Aug. 12, 1992.

Vincent Mauer, Cincinnati, OH, for plaintiff.

Tamara Heckman, Washington, DC, and Gregory Wilson, Cincinnati, OH, for defendants.

---

**ORDER**

CARL B. RUBIN, District Judge.

This matter is before the Court upon Appellant Indiana Lumbermens Mutual Insurance Company's (Indiana) appeal from a summary judgment order of the United States Bankruptcy Court for the Southern District of Ohio, Western Division (document 2). The parties have filed various responses and replies.

**Factual and Procedural Background**

Construction Alternatives Inc. (CAI) entered into an asbestos removal contract with the Forest Hills School District (Forest Hills). Indiana surety bonded the contract on behalf of CAI. Prior to completion of the contract work the Internal Revenue Service (IRS) recorded and perfected federal tax liens against CAI totaling $43,341.51. 26 U.S.C. § 6321. Neither the subcontractors on the project nor Indiana perfected or recorded a lien. Upon completion of the work Forest Hills owed CAI a balance of $39,508.40 on the contract, CAI owed subcontractors various amounts [1] and CAI filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

The United States Bankruptcy Court for the Southern District of Ohio ordered Forest Hills to pay over the contract balance and ordered CAI to place the funds in a separate cash collateral account (the Fund) subject to specified allowable withdraws. The order provided that all persons and entities claiming a lien on the Fund or a right to assert a lien against Forest Hills do so by filing an answer in Adversary Proceeding No. 1–90–0166 (the Adversary Proceeding). Furthermore, the order provided that upon proof of validity and priority an asserted lien would become a lien against the balance remaining in the Fund as well as certain other CAI accounts receivable. *In re Construction Alternatives, Inc.*, No. 1–90–04278 (Bankr. S.D.Ohio Sept. 26, 1990) (Perlman, J.); *Certificate on Appeal*, Document 1 entry 4. Indiana, Horizon Environmental Group, Inc., (Horizon) and the IRS submitted separate

---

1. The record does not evidence the amounts owed to the subcontractors. Indiana fulfilled its surety obligations by paying claims submitted by CAI's subcontractors for work performed under the contract.

claims. *Certificate on Appeal,* Document 1 entries 5, 6 and 7.

CAI filed a motion for partial summary judgment asserting that the entire Fund balance should be paid over to the IRS. The IRS supported, and Indiana and Horizon opposed, CAI's motion for partial summary judgment. Indiana filed a motion for partial summary judgment asserting that it held an interest in the Fund superior to any asserted by the IRS.

The Bankruptcy Court found that CAI had completed the asbestos removal work prior to filing its bankruptcy petition and thus had a claim against Forest Hills for the contract proceeds. The proceeds, therefore, became property of the CAI estate in bankruptcy. The Bankruptcy Court granted CAI's motion for partial summary judgment concluding that no basis existed upon which the claim and the contract proceeds could be prevented from becoming property of the estate. *In re Construction Alternatives, Inc.,* No. 1–90–04278, Adv. No. 1–90–0166 (Bankr.S.D.Ohio Sept. 30, 1991) (Perlman, J.). The Fund was released to CAI free of Indiana's and Horizon's claims. Indiana appealed from the Bankruptcy Court's order. The Bankruptcy Court confirmed CAI's Second Amended Plan of Reorganization (Plan). The money in the Fund was then disbursed to the IRS pursuant to the Plan.

### Standard of Review

■ Findings of fact made by a bankruptcy court are reviewed under a clearly erroneous standard. Federal Rule of Bankruptcy Procedure 8013. A bankruptcy court's conclusions of law are subject to *de novo* review. *United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

### Bankruptcy Estate Property and Priority

■ A bankruptcy estate includes property in which the debtor has a legal or equitable interest as of the commencement of a bankruptcy case. 11 U.S.C. § 541(a)(1); *United States v. Whiting Pools,* 462 U.S. 198, 205, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983). A bankruptcy estate does not include property over which the debtor is a trustee. 11 U.S.C. § 541(b).

■ A federal tax lien is "a lien in favor of the United States upon all property and rights to property, whether real or personal" belonging to a person who is liable for but who, after a demand, neglects or refuses pay any tax. 26 U.S.C. § 6321. Although state law defines the " 'nature of the legal interest which the taxpayer had in the property' " to which a federal tax lien may attach, *Aquilino v. United States,* 363 U.S. 509, 513, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960) *quoting, Morgan v. Commissioner,* 309 U.S. 78, 82, 60 S.Ct. 424, 426, 84 L.Ed. 585 (1940), "[t]he question whether a state-law right constitutes 'property' or 'rights to property' is a matter of federal law." *United States v. National Bank of Commerce,* 472 U.S. 713, 727, 105 S.Ct. 2919, 2928, 86 L.Ed.2d 565 (1985) *citing, United States v. Bess,* 357 U.S. 51, 56–57, 78 S.Ct. 1054, 1057–58, 2 L.Ed.2d 1135 (1958); *also, United States v. Safeco Ins. Co. of America, Inc.,* 870 F.2d 338, 340 (6th Cir.1989). A federal tax lien attaches to a contractual right to receive to payment. *J.A. Wynne Co. v. R.D. Phillips Const. Co.,* 641 F.2d 205, 208–09 (5th Cir.1981) *cited with approval, Safeco Ins.,* 870 F.2d at 341. Moreover, federal law controls priority disputes. *Aquilino,* 363 U.S. at 514, 80 S.Ct. at 1281; *United States v. Bank of Celina,* 721 F.2d 163 (6th Cir.1983). The issues before this Court are whether the Fund is part of CAI's bankruptcy estate and whether Indiana has a priority to the Fund over the IRS.

### Constructive Trust

Indiana argues that the Fund is not part of CAI's bankruptcy estate, and therefore not subject to the federal tax liens, because the law created a constructive trust for the benefit of the unpaid construction subcontractors and imposed upon CAI the status of a constructive trustee. Indiana relies upon *Selby v. Ford Motor Co.,* 590 F.2d 642 (6th Cir. 1979), *Parker v. Klochko Equipment Rental Co.,* 590 F.2d 649 (6th Cir.1979), *In re Arnold,* 908 F.2d 52 (6th Cir.1990), and *In re D & B Electric, Inc.,* 4 B.R. 263 (Bankr. W.D.Ky.1980) in support of its argument.

*Selby* and *Parker* address the entitlement of funds due subcontractors and materialmen pursuant to the Michigan Builder's Trust Fund Act. Under the Michigan Act money paid to a general contractor is designated as in trust for the benefit of, *inter alia,* subcontractors. The general contractor acts as a trustee. Mich.Comp.Laws § 570.-151. In accordance with the Michigan Act the Court in *Selby* and *Parker* held that "a building fund [trust] should not be regarded as property of the bankrupt debtor" and is not part of the debtor's bankruptcy estate. *Selby,* 590 F.2d at 649 (clarification added) *see also, Parker,* 590 F.2d at 653.

In *Arnold,* the State of Tennessee hired a general contractor who executed a subcontract with Arnold. Arnold, in turn, obtained materials on an open account from a supplier. Arnold defaulted on the subcontract and filed a petition for bankruptcy. The general contractor took over Arnold's work and, unaware of the bankruptcy petition, paid the supplier for materials used on the project.

The Court found that the contract with the State of Tennessee obligated the general contractor "to pay for materials purchased by its subcontractors on the project," and that this obligation was independent of any relationship the supplier had with the subcontractor. The Court held that this "independent obligation" prevented the general contractor's payment to the supplier from becoming part of the debtor/subcontractor's bankruptcy estate. *In re Arnold,* 908 F.2d at 54, 55. In *Arnold,* the Court cited *Selby* for its recognition of an "independent obligation owed a materials supplier by a contractor," even absent a contract or state statute establishing an independent obligation, but rested firmly upon the contract between the State of Tennessee and the general contractor as the source of the independent obligation and exclusion from the bankruptcy estate. *In re Arnold,* 908 F.2d at 55, 56. A constructive trust theory did not enter the Court's analysis.

In *D & B Electric* the bankruptcy court looked favorably upon *Selby* and *Parker* from a public policy perspective but stated that [w]hile we seize upon the public policy rational that underpins the *Selby* and *Par-*ker decisions, we observe that the strength of that reasoning would be attenuated in the absence of a statute from which a trust fund could be inferred. Put simply, we as a bankruptcy court must interpret, not make, state law.

*D & B Electric,* 4 B.R. at 269. The bankruptcy court in *D & B Electric,* from an equity posture, excluded the property from the bankruptcy estate resting exclusively upon Kentucky statutes similar in effect to the Michigan Act. Ky.Rev.Stat.Ann. § 376.-070, § 376.990.

This Court does not read *Selby, Parker, Arnold* or *D & B Electric,* neither singularly nor collectively, as establishing an independent obligation or a constructive trust as legal precedent applicable to the instant case. Indiana does not cite, and this Court's research did not locate, Ohio law that creates a constructive trust for the benefit of an unpaid subcontractor. To the contrary, Ohio law dictates that the Fund is property of CAI and therefore excluded in the bankruptcy estate.

The Ohio Revised Code mechanic's lien provisions limit the obligation of the State of Ohio to assure the payment of subcontractors and to protect the interests of a surety. O.R.C. § 1311.26–.32; *State of Ohio v. City of Greenfield,* 528 F.Supp. 955, 959 (S.D.Ohio 1981); *Miami Conservancy Dist. v. New Amsterdam Casualty Co.,* 118 F.2d 604 (6th Cir.1941). The State of Ohio is under no obligation to pay a subcontractor who has failed to comply with the mechanic's lien provisions, if the State did nothing to prevent the subcontractor from complying. *Village of Beachwood v. Ohio Casualty Ins. Co.,* 47 Ohio App. 212, 191 N.E. 797 (Cuyahoga Cty.1934); *United States Steel Corp. v. Ohio Dept. of Transp.,* 61 Ohio Misc.2d 233, 238, 577 N.E.2d 157 (Ohio Ct. of Claims 1988); *City of Greenfield,* 528 F.Supp. at 959.

The Bankruptcy Court found, and the record before this Court does not evidence, compliance with the mechanic's lien provisions by any of the subcontractors to whom Indiana is

subrogated. As such, Forest Hills[2] was under no obligation to pay the subcontractors but was, in fact, contractually obligated to pay CAI upon completion of the asbestos removal work. CAI completed the work prior to filing its bankruptcy petition and therefore possessed a right to payment. Thus, the Fund was properly part of CAI's bankruptcy estate. *J.A. Wynne*, 641 F.2d at 208–09; *Safeco Ins.*, 870 F.2d at 341.

### Equitable Lien

Indiana relies upon *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962) for authority that it possesses an equitable lien which has priority over the IRS federal tax liens. Indiana's reliance upon *Pearlman* is misplaced.

In *Pearlman* the Supreme Court solely addressed according an equitable lien to a surety on a "retainage fund" as opposed to the "progress payment" at issue in the instant case. *Brief of Appellee CAI,* appendix at A–14 (Forest Hills and CAI contract, Article V, Progress Payments); *See, In re Glover Construction Co.*, 30 B.R. 873 (Bankr. W.D.Ky.1983) and *In re Universal Builders Inc.*, 53 B.R. 183 (Bankr.M.D.Tenn.1985) (emphasizing the distinction). Moreover, in *Pearlman* the Court analyzed whether the surety possessed an equitable lien pursuant to a contract between the United States and a general contractor under the Miller Act, 40 U.S.C. § 270a–270d, in contrast to Ohio law which controls in the instant case. *Aquilino*, 363 U.S. 509, 80 S.Ct. 1277. The question of whether Ohio law accords Indiana an equitable lien is mooted by the facts of this case and applicable federal law.

 26 U.S.C. § 6323 "accords priority only to state created liens that are choate on the date the federal tax lien is filed. A lien is choate only when the identity of the lienor, the property subject to the lien and the amount of the lien are certain." *City of Greenfield*, 528 F.Supp. at 959, *citing, United States v. Pioneer American Insurance Co.*, 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963) and *United States v. City of New Britain*, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954).

In the instant case the federal tax liens were filed on May 14, 1990 and August 20, 1990. The record does not evidence, at the date the federal tax liens were filed or at the present time, an amount certain for any claimed equitable lien.[3] Even assuming that Ohio law accords Indiana an equitable lien, and that such a lien comes under § 6323, Indiana does not have priority because its alleged equitable lien was inchoate on the date the federal tax liens were filed.

### CONCLUSION

The Fund is part of CAI's estate in bankruptcy. Indiana does not have priority over the federal tax liens. Accordingly, the judgment of the Bankruptcy Court is hereby AFFIRMED.

IT IS SO ORDERED.

---

2. It is not in dispute that Forest Hills is a political subdivision of the State of Ohio.

3. The Bankruptcy Court noted that the releases signed by two subcontractors upon payment of their claims by Indiana do not provide an amount. *In re Construction Alternatives, Inc.*, No. 1–90–04278, Adv. No. 1–90–0166 at 5–6 (Bankr.S.D.Ohio Sept. 30, 1991).